UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALBERT T. OWENS, JR.,

   *Plaintiff*,

v.            Case No. 3:25-cv-1444-JEP-MCR

CORRECTIONAL OFFICER S. TORRES,

   *Defendant*.

_____/

## <u>ORDER</u>

This cause is before the Court on Plaintiff's Emergency Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 26). Plaintiff asserts that an officer and a mailroom clerk at Apalachee Correctional Institution ("ACI") refused to accept his legal mail "in connection with this case," which he believes they did to retaliate against him on Defendant Torres's behalf. (*Id.* at 1–2). Notably, Defendant Torres works at Suwannee Correctional Institution ("SCI"), not ACI. According to Plaintiff, after he filed grievances complaining about the refusal to accept his mail, prison staff and other inmates at ACI began harassing and threatening him, and he claims to have been denied recreation, meals, and access to the canteen and law library. (*Id.* at 2). He asks that the Court grant his Motion to enjoin Defendant Torres

(and persons acting in concert with Defendant) from engaging in acts that will impede or hinder his ability to prosecute this case. (*Id.* at 1, 4).

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'"[1] *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. A request for injunctive relief must be related to the claims raised in the operative complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th

---

[1] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b); *see also* M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff fails to carry his burden showing the "extraordinary and drastic remedy" of injunctive relief is warranted. *See Wreal*, 840 F.3d at 1247. For instance, he does not demonstrate a substantial likelihood of success on the merits of the underlying excessive force claim he is pursuing against Defendant Torres. Indeed, despite his general, conclusory assertion that staff at ACI have retaliated against him on Defendant Torres's behalf, Plaintiff seeks relief related to "matter[s] lying wholly outside the issues in [this] suit." *See Kaimowitz*, 122 F.3d at 43.

If Plaintiff believes corrections officials at ACI have violated his constitutional rights, he should seek appropriate relief by filing grievances or initiating a new civil rights action after exhausting his administrative remedies. However, Plaintiff is advised that any civil rights action he files about conduct or conditions at ACI should be filed in the United States District Court for the Northern District of Florida. Plaintiff is further cautioned that "[t]he unwarranted designation of a motion as an emergency can result in a sanction." *See* M.D. Fla. R. 3.01(f).

Accordingly, Plaintiff's Emergency Motion (Doc. 26) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of May 2026.

 

_____

JORDAN E. PRATT

UNITED STATES DISTRICT JUDGE

 

Jax-6
c:
Albert T. Owens, Jr.
Counsel of Record